# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| SHONE JEANLOUIS | CASE NO.: 08-CV-0956 |
| KHRISTY JEANLOUIS | |
| VS. | JUDGE MELANÇON |
| RONALD VIDALLIA | MAGISTRATE JUDGE METHVIN |
| JOEL A. HONSE, JR. | |

## REPORT & RECOMMENDATION ON
## MOTION TO DISMISS CLAIMS UNDER 42 U.S.C. §1985
*(Rec. Doc. 6)*

This civil rights suit arises out of an incident involving the arrest of Shone JeanLouis on July 8, 2007 at the Rox Night Club located at the Cypress Bayou Casino in Charenton, Louisiana on the reservation of the Chitimacha Tribe of Louisiana. Plaintiffs bring their claims under Title 42 U.S.C. §§ 1983 and 1985 and Louisiana state law.

Before the court is defendants' motion to dismiss plaintiffs' §1985 claims for failure to state a claim pursuant to Rule 12(b)(6). Plaintiffs filed an opposition, defendants filed a reply brief, and plaintiffs filed a first amending complaint.[1] The question remains whether plaintiffs' complaint, as amended, sufficiently states a claim under §1985.

. **FINDINGS AND CONCLUSIONS**

Plaintiffs allege as follows: They were in the Rox Night Club with Shone JeanLouis's brother-in-law, Willie Simon, Jr. and several others; after several of their music requests to the disc jockey were refused, plaintiffs decided to leave; before they left, the disc jockey called the casino's security officers who grabbed plaintiff, pinched his back, and forced him out of the club; the security guards threatened JeanLouis and Simon as they exited the casino and referred to

---

[1] Rec. Docs. 6, 10, 13, and 17.

them in a "racially derogatory manner" and "used derogatory racial slurs" when speaking to JeanLouis; as JeanLouis exited the casino, one of the guards threatened Simon again and Simon commented back; the guard then grabbed Simon; JeanLouis re-entered the casino when another guard grabbed him by the throat and dragged him out the casino door; JeanLouis attempted to escape the grasp and struck a guard; the security guards, together with defendant Officer Honse, then beat JeanLouis; Honse handcuffed JeanLouis who repeatedly requested that the cuffs be loosened; Honse denied these requests; JeanLouis also asked Chief Vidallia to remove the cuffs, but he refused, threatening JeanLouis that if he was not quiet, the cuffs would be tightened more, and he would use a taser on him; the cuffs were not removed until he was taken to the hospital, resulting in nerve damage to his wrists.

Plaintiffs allege in their amending complaint:

> . . . After learning of the derogatory racial comments made by the security guards, Ronald Vidallia and Joel A. Honse, Jr. had a meeting of the minds and agreed not to loosen the handcuffs that had been placed on Shone JeanLouis that ultimately caused serious injuries to Shone JeanLouis'wrists.[2]

Plaintiffs allege that the police officers' refusal to loosen the cuffs was racially motivated and that Officer Honse told him "to shut his 'black a– up'" when he was in the police car.

***Rule 12(b)(6) Standard***

When deciding a Rule 12(b)(6) motion to dismiss, "[t] he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir.2004)). "To survive

---

[2] Rec. Doc. 13, para. II.

a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' " Id. (quoting Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). " 'Factual allegations must be enough to raise a right to relief above the speculative level[.]' " Id. (quoting Bell Atl., 127 S.Ct. at 1965). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]." Bell Atl., 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted).

***Civil Rights Claims Under Section 1985***

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. Hilliard v. Ferguson, 30 F.3d 649, 652 -653 (5th Cir. 1994).

The plaintiff must show that the conspiracy was motivated by a discriminatory animus based on race or some other inherited or immutable class characteristic such as gender, religion or national origin or based upon political association or beliefs. Darbonne v. Gaudet, 2005 WL 1523328, 4 (W.D. La. .2005) *citing* Hilliard, Id.; and Sullivan v. County of Hunt, Texas, 106 Fed. Appx. 215, 220 (5th Cir.2004) (unpublished opinion) and authorities cited therein.

"Plaintiffs who assert claims under 42 U .S.C. § 1983 and other civil rights statutes, such as §1985, must plead the operative facts upon which their claim is based. Mere conclusory

allegations are insufficient. Equal specificity is required when a charge of conspiracy is made." Holdiness v. Stroud, 808 F.2d 417, 424 (5th Cir.1987). The essence of a conspiracy is an understanding or agreement between the conspirators. Id. *See e.g.* Rodriguez v. Neeley, 169 F.3d 220, 222 (5th Cir.1999) ( Mere conclusory allegations of conspiracy, absent reference to material facts, cannot constitute grounds for Section 1983 relief)).

*Analysis*

Plaintiffs' allegations that defendants were present when the security guards allegedly made derogatory slurs and then refused to loosen the cuffs, taken together with the allegation that Honse also made a racial slur, are insufficient to support an inference that defendants entered into an understanding or agreement with the security guards to deprive plaintiff of his civil rights with a racial animus. There is no suggestion of any communication between defendants and the guards or other factual basis to support the allegation of conspiracy. Stated another way, plaintiffs' factual allegations of conspiracy are no more than speculative and do not contain specific facts from which to infer a conspiracy. *See* In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir.2007); Richards v. City of Weatherford, 145 F. Supp.2d 786, 789 (N. D. Tex. 2001) ("While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist." *citing* Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir.1990); Ledesma v. Dillard Dept. Stores, Inc., 818 F.Supp. 983, 984 (N.D.Tex.1993) (Belew, J.)).

Plaintiff requests an opportunity to amend their pleadings to assert in more detail a claim under § 1985 or that the dismissal be without prejudice to allow further discovery on the issue.

When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. 5860-5888 Westheimer Ltd. v. Orvis Houston, Inc., 2009 WL 47124, 2 (S. D. Tex. 2009) *citing* Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir.2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

Here, plaintiffs have been afforded the opportunity to amend without success and have not shown how another pleading attempt will cure the motion's deficiencies. Thus, the undersigned finds such an effort would be fruitless. Further, the undersigned finds that plaintiffs' request that the motion be denied without prejudice to conduct discovery is conclusory and unsupported with any factual basis. The undersigned thus recommends that the case be dismissed with prejudice.

### *Conclusion*

For the foregoing reasons, the undersigned recommends that defendants' motion to dismiss be granted and that plaintiffs' claims under 42 U.S.C. § 1985 be dismissed with prejudice.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on January 14, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)